Chief Judge Ricardo S. Martinez
Honorable Richard A. Jones

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT FOR THE
7                          WESTERN DISTRICT OF WASHINGTON
                                        AT SEATTLE
8

9   | UNITED STATES OF AMERICA, | NO. CR17-276RSM |

10                          Plaintiff,

NOTICE OF RELATED CASES AND
11                          v.                                    REQUEST FOR REASSIGNMENT OF
                                                                  CASES
12  FEDIR OLEKSIYOVICH HLADYR,

13                          Defendant.                            **FILED UNDER SEAL**

14

15

16  UNITED STATES OF AMERICA,                                     RELATED TO
                                                                  NO. CR18-159RSM
17                          Plaintiff,

18                          v.

19  ANDRII KOLPAKOV,

20                          Defendant.

21

22

23  UNITED STATES OF AMERICA,                                     RELATED TO
                                                                  NO. CR19-257RAJ
                            Plaintiff,

24

25                          v.

26  DENYS IARMAK,

27                          Defendant.

28

Notice of Related Cases and Request for Reassignment - 1
*U.S. v. Hladyr*, CR17-276RSM
*U.S. v. Kolpakov*, CR18-159RSM
*U.S. v. Iarmak,* CR19-257RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    COMES NOW the United States of America, by and through undersigned counsel for

2   said District, and submits the following notice advising the Court that the above-captioned

3   cases, namely, previously related *United States v. Hladyr*, CR17-276RSM, *United States v.*

4   *Kolpakov*, CR18-159RSM, and the more recently charged *United States v. Iarmak*, CR19-

5   257RAJ, are related and, in fact, inextricably intertwined and involve common questions of

6   fact and law.  For the reasons set forth below, the United States requests that these cases be

7   assigned to the same judge as they are inextricably intertwined and otherwise involve

8   common questions of fact and law.

9                                   **I. BACKGROUND**

10    The above-captioned cases all arise out of an investigation by the Federal Bureau of

11   Investigation (FBI) into a transnational cybercriminal group known as "FIN7," which has

12   engaged and continues to engage in a sophisticated malware campaign targeting countless

13   U.S. companies and their customers.  To date, FIN7 has attacked the computer networks of

14   over 200 separate victim-companies with the goal of infecting victim computer systems with

15   malware that allows the group to access and steal proprietary and non-public information,

16   including but not limited to customer payment card data.  FIN7 has stolen tens of millions of

17   payment card numbers and caused millions of dollars in losses to numerous victims.

18    The grand jury has returned sealed indictments in separate cases related to this

19   investigation.  Separate indictments were issued, in part, to preserve the secrecy of the

20   investigation while the United States pursued the arrest and extradition of various FIN7

21   members.  Following their arrests abroad on charges from this District, which occurred on

22   various dates in 2018, the separate indictments against Defendant Fedir Hladyr (charged in

23   *United States v. Hladyr*, CR17-276RSM), Defendant Dmytro Fedorov (charged in *United*

24   *States v. Fedorov*, CR18-004RSM), and Defendant Andrii Kolpakov (charged in *United*

25   *States v. Kolpakov*, CR18-159RSM), all Ukrainian citizens, were unsealed.  The factual

26   allegations and charges in each of the four cases are substantially the same.  Namely, each of

27   the defendants is charged with the following 26 counts:

28

Notice of Related Cases and Request for Reassignment - 2
*U.S. v. Hladyr*, CR17-276RSM
*U.S. v. Kolpakov*, CR18-159RSM
*U.S. v. Iarmak*, CR19-257RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2

- Count 1:  Conspiracy to Commit Wire and Bank Fraud, in violation of Title 18, United States Code, Section 1349;

3

- Counts 2-15:  Wire Fraud, in violation of Title 18, United States Code, Section 1343;

4
5

- Count 16:  Conspiracy to Commit Computer Hacking, in violation of Title 18, United States Code, Section 371;

6
7

- Counts 17-19:  Accessing a Protected Computer in Furtherance of Fraud, in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A) and 2;

8
9

- Counts 20-22:  Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B) and 2;

10
11

- Count 23:  Access Device Fraud, in violation of Title 18, United States Code, Sections 1029(a)(3), (b)(1), and (c)(1)(A) and 2; and,

12

- Counts 24-26:  Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028A(a) and 2.

13    All such matters have been related and are assigned to the Honorable Ricardo S. Martinez.

14          To date, Defendants Hladyr and Kolpakov have made appearances in the Western

15    District of Washington on the aforementioned charges related to the hacking scheme.

16    Defendant Hladyr was extradited from Germany to the United States and, having entered

17    guilty pleas, is pending sentencing.  Defendant Kolpakov was extradited from Spain to the

18    United States and currently is pending trial scheduled for October 2020.

19          In November 2019, U.S. authorities obtained information that another identified FIN7

20    member, Defendant Denys Iarmak, a Ukrainian citizen, had traveled to and was located in

21    Thailand.  On about November 30, 2019, Defendant Iarmak was arrested by Thai authorities

22    at Suvarnabhumi Airport in Bangkok, Thailand as he transited back to Ukraine, based on

23    charges in this District.  A federal grand jury sitting in the Western District of Washington

24    has returned a criminal indictment in this matter, *United States v. Iarmak*, CR19-257RAJ,

25    charging Defendant Iarmak with the aforementioned 26 felony counts.  Defendant Iarmak

26    remains in Thai custody pending extradition.

27
28

Notice of Related Cases and Request for Reassignment - 3
*U.S. v. Hladyr*, CR17-276RSM
*U.S. v. Kolpakov*, CR18-159RSM
*U.S. v. Iarmak*, CR19-257RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. DISCUSSION

Rule 13(a) of the Local Criminal Rules of the Western District of Washington provides that when cases are related such that they involve questions of common law or fact, it may be appropriate that the cases be assigned to "the judge to whom the case bearing the earliest filing number was assigned, at his or her option."[1]  Pursuant to Rule 13(a), the United States requests that the Court consider reassigning all FIN7-related cases to a single judge.  The Honorable Ricardo S. Martinez currently is assigned the earliest filed case, *United States v. Hladyr*, CR17-276RSM, *United States v. Fedorov*, CR18-004RSM, and *United States v. Kolpakov*, CR18-159RSM.  The recently charged *United States v. Iarmak*, CR19-257RAJ, is assigned to the Honorable Richard A. Jones.

During this ongoing investigation, the United States has collected a voluminous amount of electronic evidence, including data from servers located around the world and over one hundred email accounts.  Discovery in this case is extremely voluminous and likely to present challenges, as the electronic evidence alone comprises numerous *terabytes* of data, much of which is laden with malware.  If the defendants elect to proceed to trial, it is highly likely that defense counsel will need to retain the services of a forensics or e-discovery firm to manage and review discovery.  In light of these potential challenges, it would be helpful if any discovery matters, particularly matters that involve the use of CJA resources, are addressed by a single judge presiding over all FIN7-related cases.

Furthermore, unlike many cyber prosecutions, this prosecution of FIN7 members presents a situation where more than one defendant will face the prospect of trial.  It is likely that either the government or the defense, or both, will request the consolidation of the cases for trial.  Rule 13 of the Federal Rules of Criminal Procedure states:  "The court may order that separate cases be tried together as though brought in a single indictment or information

---

[1] Local Rule 13(b) states: "Counsel are encouraged to file a notice of related case in order to bring such cases to the attention of the court."

Notice of Related Cases and Request for Reassignment - 4
*U.S. v. Hladyr*, CR17-276RSM
*U.S. v. Kolpakov*, CR18-159RSM
*U.S. v. Iarmak*, CR19-257RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    if all offenses and all defendants could have been joined in a single indictment or

2    information." Indeed, all FIN7 defendants could have been joined in a single indictment.[2]

3         Finally, the goals of efficiency and conservation of judicial resources would be served

4    by a Rule 13(a) reassignment. Each of the defendants were part of a single malware

5    conspiracy, and each defendant is charged with 26 substantively identical felony counts.

6    Accordingly, all four cases involve common questions of law and fact. These cases likely

7    will present discovery challenges, novel pre-trial legal issues, and fact-intensive sentencing

8    considerations. It would be immensely inefficient to litigate these issues before different

9    judges. In addition, the reassignment will allow defense counsel to pool resources. For

10   example, in a recent multi-defendant case that also involved a large amount of electronic

11   discovery, *United States v. Gallinal, et al.*, CR14-165RAJ, defense counsel were able to

12   make use of a single coordinating discovery attorney, rather than duplicating efforts.

13   //

14   //

15   //

16

17

18

19

20

21

22

23

24

25

26

27

---

[2] For instance, given the unique requirements and limitations involving extraditions, the United States is
28   restrained in its ability to supersede to consolidate separate cases.

Notice of Related Cases and Request for Reassignment - 5
*U.S. v. Hladyr*, CR17-276RSM
*U.S. v. Kolpakov*, CR18-159RSM
*U.S. v. Iarmak,* CR19-257RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.  CONCLUSION

As set forth above, the United States submits notice that the above-captioned cases, *United States v. Hladyr*, CR17-276RSL, *United States v. Kolpakov*, CR18-159RSM, and *United States v. Iarmak*, CR19-257RAJ, are related, inextricably intertwined and involve common questions of fact and law, and respectfully requests that these cases be assigned to the same judge.

DATED this 1st day of April, 2020.

Respectfully submitted,

TESSA M. GORMAN
First Assistant United States Attorney
(Acting Under Authority Conferred by 28 U.S.C. §515)

*/s/ Steven T. Masada*
STEVEN T. MASADA
FRANCIS FRANZE-NAKAMURA
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: 206-553-4282
E-mail: steven.masada@usdoj.gov

Notice of Related Cases and Request for Reassignment - 6
*U.S. v. Hladyr*, CR17-276RSM
*U.S. v. Kolpakov*, CR18-159RSM
*U.S. v. Iarmak,* CR19-257RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970