Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> DENYS IARMAK, <br><br> Defendant. | NO.   CR19-257RSM <br><br> [~~PROPOSED~~] **PROTECTIVE ORDER** |

This matter, having come before the Court on a Stipulated Motion for Entry of a Protective Order, the Court hereby enters the following order:

**PROTECTIVE ORDER**

1. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all discovery material in any format (written or electronic) that is produced by the United States in discovery in the above captioned case.

2. Discovery in this case is voluminous, and many of these materials and documents include personally identifiable information (PII) and "electronic contraband." PII shall included, but not be limited to, information such as such as payment card numbers, Social Security numbers, driver's license numbers, dates of birth, addresses, mothers'

PROTECTIVE ORDER
*United States v. Iarmak,* CR19-257-RSM - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

maiden names, passwords, financial lines of credit numbers, bank account numbers, and personal identification numbers. "Electronic contraband" shall mean PII, malware and surveillance files generated by the malware, account numbers and passwords, vulnerabilities, internal network information, and non-public IP addresses of servers which contain, or for which there is a reasonable basis to believe contain, any of the information, files or data described above. Furthermore, the discovery includes law enforcement sensitive materials related to ongoing investigations.

3. Redacting the discovery to delete the above material would unnecessarily delay the disclosure of discovery to the defendants and would frustrate the intent of the discovery process.

## Access to Discovery Material

4. Access to discovery material will be restricted to the Defense Team. The "Defense Team" shall be limited to attorneys of record for the defendant and any of the following people working on this matter under the supervision of the attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting experts, and legal assistants. For purposes of this Order, "Defense Team" does not include the defendant or any official, employee, or agent of any foreign government. Defendant's attorneys shall inform any member of the Defense Team to whom disclosure of discovery material is made of the existence and terms of this Protective Order. Members of the Defense Team shall not provide copies of any discovery material to any persons outside of the Defense Team.

5. Defense Counsel shall provide the United States the name, address, and date of birth of any member of the Defense Team that Defense Counsel wishes to have access to electronic discovery materials fourteen days before giving such individual access. If the United States objects during this fourteen-day period, the defense shall not disclose electronic materials to the identified party until the Court rules on the objection. Defense Counsel shall review this order with all members of the Defense Team prior to providing access to any discovery material.

//

PROTECTIVE ORDER
*United States v. Iarmak,* CR19-257-RSM - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Inspection of Electronic Discovery at the USAO**

6. The United States may produce all electronic discovery materials by making copies of them available for inspection at the U.S. Attorney's Office for the Western District of Washington ("USAO"). Defense counsel's inspection of electronic discovery materials at the USAO shall be without prejudice to Defendant's right to move the Court for additional discovery materials or the production of electronic discovery materials in a different form.

7. Absent further order of the Court, the United States shall not be obligated to make additional copies of any electronic discovery materials which are available for inspection at the USAO.

8. No one shall photograph, print, or otherwise make copies of the electronic discovery materials made available for inspection at the USAO.

**Production of Electronic Discovery by the USAO**

9. The United States may elect to provide copies of certain discovery to the Defense Team.

10. Unless otherwise agreed to by the United States, Members of the Defense Team shall retain exclusive custody of all copies of the discovery material. Members of the Defense Team shall use discovery material only for the purpose of preparing a defense to the charges in this action, and not for any literary, commercial, or other purpose. Members of the Defense Team may review the discovery material with Defendant and witnesses for purposes of trial preparation, provided that witnesses may review the material only in the presence of a member of the Defense Team and may not take notes regarding the content of the discovery material. Defendant may review the material in the presence of a member of the Defense Team and may take notes. However, the Defense Team will maintain all notes made by Defendant.

11. The Defense Team is aware that some of the discovery material may contain malware and other pernicious files.

//

//

PROTECTIVE ORDER
*United States v. Iarmak,* CR19-257-RSM - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Use and Destruction of Discovery Material**

12. Any discovery material that the Defense Team files with the Court in connection with pre-trial motions, trial, or other matters before the Court, shall be filed under seal and shall remain sealed until otherwise ordered by the Court unless the parties mutually agree that material need not be filed under seal.

13. Upon conclusion of this action, defendant's attorney shall return to the government or destroy, and certify the destruction of, all discovery material. Counsel shall complete this process within a reasonable time, not to exceed 30 days after the conclusion of the last appeal.

14. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court.

DATED this __18__ day of May, 2020.

RICARDO S. MARTINEZ
United States District Judge

Presented by:

*s/ Francis Franze-Nakamura*
FRANCIS FRANZE-NAKAMURA
STEVEN MASADA
Assistant United States Attorneys

ANTHONY TEELUCKSINGH
Trial Attorney
Computer Crime and Intellectual Property Section

PROTECTIVE ORDER
*United States v. Iarmak,* CR19-257-RSM - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970