|   |   |
|---|---|
| Chief Judge Ricardo S. Martinez | |

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DENYS IARMAK

Defendant.

No. CR19-257-RSM

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture seeking to forfeit, to the United States, Defendant Denys Iarmak's interest in the following property ("Subject Property"):

1. One (1) laptop identified as FBI evidence item 1B222;

2. One (1) silver Dell XPS laptop, bearing no. 2RR74H2, with charger, identified as FBI evidence item 1B208;

3. One (1) black Xiaomi A1 cell phone, with a note labeled "password: 19871988", identified as FBI evidence item 1B207;

4. Two (2) Sandisk Micro Chip 16 GIGABYTE Motorola MicroSD cards, identified as FBI evidence item 1B206;

5. One (1) Sandisk 32 GIGABYTE thumbdrive, identified as FBI evidence item 1B205;

Preliminary Order of Forfeiture - 1
*United States v. Denys Iarmak,* CR19-257-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. One (1) black Xiaomi A2 cell phone, with a note labeled "password: 007700", identified as FBI evidence item 1B204;

7. One (1) Sandisk Cruzer Blade 64 GIGABYTE thumbdrive, identified as FBI evidence item 1B203; and

8. One (1) phone/laptop charging cord, identified as FBI evidence item 1B202.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The proceeds of, and all property that facilitated, the offense of Conspiracy to Commit Computer Hacking, in violation of 18 U.S.C. § 371, are forfeitable pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i); and

- Pursuant to the Plea Agreement he entered on November 22, 2021, the Defendant agreed to forfeit the Subject Property, which constitutes or are derived from proceeds of, and/or facilitated his commission of Conspiracy to Commit Computer Hacking.  Dkt. No. 42, ¶ 9.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. §§ 982(a)(2)(B), and 1030(i), and his Plea Agreement, the Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)–(B), this Preliminary Order of Forfeiture will become final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) The United States Department of Justice, Federal Bureau of Investigation, and/or its authorized agents or representatives, shall maintain the Subject Property, in its custody and control until further order of this Court;

Preliminary Order of Forfeiture - 2
*United States v. Denys Iarmak,* CR19-257-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and the United States' intent to dispose of the Subject Property as permitted by governing law.  The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days.  For any person known to have alleged an interest in the Subject Property, the United States shall also, to the extent possible, provide direct written notice to that person.  The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the Subject Property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier.  The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b. shall be signed by the petitioner under penalty of perjury; and

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held.  Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

///

Preliminary Order of Forfeiture - 3
*United States v. Denys Iarmak,* CR19-257-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7)   The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order of Forfeiture, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this 5th day of April, 2022.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

 *s/ Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

Preliminary Order of Forfeiture - 4
*United States v. Denys Iarmak,* CR19-257-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970